IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) INDICTMENT |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CASE NO. 1:19 CR 250 |
| v. | ) |
| | ) Title 21, United States Code |
| ROBERT MITRACHE, | ) Sections 841(a)(1), (b)(1)(A), |
| LOUIS-VINCENT BOURCIER, | ) (b)(1)(B), (b)(1)(C), (h), 952, |
| | ) 960(a)(1), (b)(1), (b)(3) and 963; |
| Defendants. | ) Title 18, United States Code, |
| | ) Section 2 |

JUDGE BOYKO

**BACKGROUND AND DEFINITIONS**

1. The "clear" or "surface" web is part of the internet accessible to anyone with a standard browser and that standard web search engines can index. The deep web is the part of the internet whose contents are not indexed by standard web search engines. The dark net is a part of the deep web that not only cannot be discovered through a traditional search engine, but also has been intentionally hidden and is inaccessible through standard browsers and methods.

2. Dark net marketplaces operate on the dark net. These sites are generally only accessible through the input of specific addresses in a TOR browser. The dark net marketplaces function primarily as black markets, selling or brokering transactions involving drugs, cyber-arms, weapons, counterfeit currency, stolen credit card details, forged documents, unlicensed pharmaceuticals, steroids, and other illicit goods as well as the occasional sale of legal products. Dark net vendors (also known as distributors) operate on these dark net markets as sellers of these goods. They provide detailed information about their wares on these sites, including listings of their drugs for sale, contact information (such as TOR-based email or encrypted

messaging applications), and the prices and quantities of drugs for sale in digital currencies.

3. Digital currencies and tokens are electronically sourced units of value that exist on the internet and are not stored in a physical form. Cryptocurrencies, a form of digital currency, are not issued by any government, but instead are generated and controlled through computer software operating on decentralized peer-to-peer networks. Bitcoin is one example of a cryptocurrency. Users of cryptocurrencies send units of value to and from "addresses," which are unique strings of numbers and letters functioning like a public account number. Cryptocurrency transactions are recorded on a publicly available distributed ledger, often referred to as a "blockchain." Because cryptocurrencies are transferred peer-to-peer, users can avoid traditional, regulated financial institutions that collect information about their customers and maintain anti-money laundering and fraud programs.

## COUNT 1
(Conspiracy to Import Controlled Substances, 21 U.S.C. § 963)

The Grand Jury charges:

4. The factual allegations in paragraphs 1 through 3 are re-alleged and incorporated by reference in this count, as though fully set forth herein.

5. From on or about May 23, 2015 to on or about December 16, 2017, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants ROBERT MITRACHE, LOUIS-VINCENT BOURCIER, and others known and unknown to the Grand Jury, did knowingly, and intentionally combine, conspire, confederate, and agree with each other to import into the United States from any place outside thereof mixtures and substances containing a detectable amount of the following controlled substance analogues, as defined in Title 21, United States Code, Section 802(32), intended for

human consumption, as provided in Title 21, United States Code, Section 813, and controlled substances:

    A. Carfentanil, a Schedule II controlled substance;

    B. Fentanyl, a Schedule II controlled substance;

    C. Furanyl Fentanyl (Fu-F), a Schedule I controlled substance analogue until November 29, 2016, and a Schedule I controlled substance thereafter;

    D. Heroin, a Schedule II controlled substance; and

    E. 50 grams or more of Methamphetamine (actual), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 952(a), 960(a)(1), (b)(1) and (b)(3).

## MANNER AND MEANS OF THE CONSPIRACY

6. It was part of the conspiracy that:

    a. Defendants ROBERT MITRACHE and LOUIS-VINCENT BOURCIER were members of the Pharmaphil Drug Trafficking Organization. The Pharmaphil Drug Trafficking Organization maintained and controlled the Pharmaphil dark net vendor account on AlphaBay, Dream Market, The Majestic Garden, and other dark net marketplaces. The Organization had over 1,500 confirmed sales across multiple dark net marketplaces.

    b. The Organization used the Pharmaphil account as an online storefront for the sale of dangerous controlled substances, including fentanyl. The Pharmaphil Drug Trafficking Organization trafficked narcotics from its base of operations to locations throughout Canada and the United States. It also trafficked narcotics into other nations, such as Germany, Austria, Portugal, and the Netherlands.

    c.    Defendants and other members of the conspiracy used various methods designed to protect the membership's anonymity and to provide security for the criminal organization from law enforcement and other criminal organizations. These methods included:

    i.    Internally hosted messaging services on dark net marketplaces;

    ii.    Private messaging, including through WhatsApp, an end-to-end encrypted messaging application;

    iii.    "Pretty Good Privacy" ("PGP") encryption; and

    iv.    Proxies, which bounced network traffic from one computer to another to hide Defendant's true originating IP address, including through the TOR network.

    d.    Defendants used the Canadian Postal Service and private carriers as the means of distributing the controlled substances. Defendants used various means to hide their identification as the shippers of drug parcels

    e.    Defendants and other members of the conspiracy laundered the criminal proceeds through a variety of means, including maintaining and controlling digital currency (e.g., Bitcoin) addresses.

All in violation of Title 21, United States Code, Section 963.

COUNT 2
(Distribution of Furanyl Fentanyl, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2)

The Grand Jury further charges:

    7.    The factual allegations in paragraphs 1 through 6 are re-alleged and incorporated by reference in this count, as though fully set forth herein.

8. On or about July 1, 2017, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants ROBERT MITRACHE and LOUIS-VINCENT BOURCIER, and others known and unknown to the Grand Jury, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of furanyl fentanyl, a Schedule I controlled substance, and aided and abetted the same, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT 3
(Distribution of Furanyl Fentanyl, 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2)

The Grand Jury further charges:

9. The factual allegations in paragraphs 1 through 6 are re-alleged and incorporated by reference in this count, as though fully set forth herein.

10. On or about July 11, 2017, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants ROBERT MITRACHE and LOUIS-VINCENT BOURCIER, and others known and unknown to the Grand Jury, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of furanyl fentanyl, a Schedule I controlled substance, and aided and abetted the same, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT 4
(Distribution of Methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2)

The Grand Jury further charges:

11. The factual allegations in paragraphs 1 through 6 are re-alleged and incorporated by reference in this count, as though fully set forth herein.

12. On or about July 16, 2017, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants ROBERT MITRACHE and LOUIS-VINCENT BOURCIER, and others known and unknown to the Grand Jury, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and aided and abetted the same, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT 5
(Distribution of Heroin and Methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2)

The Grand Jury further charges:

13. The factual allegations in paragraphs 1 through 6 are re-alleged and incorporated by reference in this count, as though fully set forth herein.

14. On or about August 19, 2017, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants ROBERT MITRACHE and LOUIS-VINCENT BOURCIER, and others known and unknown to the Grand Jury, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and aided and abetted the

same, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT 6
(Distribution of Methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2)

The Grand Jury further charges:

15. The factual allegations in paragraphs 1 through 6 are re-alleged and incorporated by reference in this count, as though fully set forth herein.

16. On or about August 25, 2017, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants ROBERT MITRACHE and LOUIS-VINCENT BOURCIER, and others known and unknown to the Grand Jury, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and aided and abetted the same, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT 7
(Distribution of Fentanyl and Methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2)

The Grand Jury further charges:

17. The factual allegations in paragraphs 1 through 6 are re-alleged and incorporated by reference in this count, as though fully set forth herein.

18. On or about September 17, 2017, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants ROBERT MITRACHE and LOUIS-VINCENT BOURCIER, and others known and unknown to the Grand Jury, did knowingly and intentionally distribute a mixture and substance containing a detectable

amount of fentanyl, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and aided and abetted the same, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT 8
(Distribution of Methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2)

The Grand Jury further charges:

19. The factual allegations in paragraphs 1 through 6 are re-alleged and incorporated by reference in this count, as though fully set forth herein.

20. On or about September 25, 2017, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants ROBERT MITRACHE and LOUIS-VINCENT BOURCIER, and others known and unknown to the Grand Jury, did knowingly and intentionally distribute approximately 23.15 grams of a mixture and substance containing a detectable amount of methamphetamine (actual), a Schedule II controlled substance, and aided and abetted the same, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT 9
(Distribution of Methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2)

The Grand Jury further charges:

21. The factual allegations in paragraphs 1 through 6 are re-alleged and incorporated by reference in this count, as though fully set forth herein.

22. On or about October 2, 2017, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants ROBERT MITRACHE

and LOUIS-VINCENT BOURCIER, and others known and unknown to the Grand Jury, did knowingly and intentionally distribute approximately 20.04 grams of a mixture and substance containing a detectable amount of methamphetamine (actual), a Schedule II controlled substance, and aided and abetted the same, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT 10
(Distributing Controlled Substances by Means of the Internet, 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(C) and (h))

The Grand Jury further charges:

23. The factual allegations in paragraphs 1 through 6 are re-alleged and incorporated by reference in this count, as though fully set forth herein.

24. From on or about May 23, 2015 to on or about December 16, 2017, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants ROBERT MITRACHE, LOUIS-VINCENT BOURCIER, and others known and unknown to the Grand Jury, did knowingly and intentionally deliver, distribute, and dispense a controlled substance by means of the internet: to wit, Defendants used dark net marketplace accounts, encrypted communication applications, and a TOR hidden service site to distribute mixtures and substances containing a detectable amount of controlled substance analogues, as defined in Title 21, United States Code, Section 802(32), intended for human consumption, as provided in Title 21, United States Code, Section 813, and controlled substances listed in Count 1 of this indictment, which is re-alleged and incorporated by reference in this count, as though fully set forth herein, all in violation of Title 21, United States Code, Sections 841(b)(1)(A), (b)(1)(C) and (h).

## FORFEITURE

The Grand Jury further charges:

25.  For the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, the allegations of Counts 1 through 10 are incorporated herein by reference. As a result of the foregoing offenses, Defendants ROBERT MITRACHE and LOUIS-VINCENT BOURCIER shall forfeit to the United States any and all property constituting, or derived from, any proceeds they obtained, directly or indirectly, as the result of such violations; any and all of their property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.